**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

October 8, 2026

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007-1312

Re: *Women's Refugee Comm'n v. United States Dep't of Homeland Security*, 25-cv-7982 (LGS)

Dear Judge Schofield:

This Office represents defendants United States Department of Homeland Security ("DHS"), United States Immigration and Customs Enforcement ("ICE"), and United States Customs and Border Protection ("CBP") (collectively, the "Government" or "Defendants") in the above-referenced action filed by plaintiff Women's Refugee Commission ("Plaintiff" or "WRC") under the Freedom of Information Act, 5 U.S.C. § 552 *et seq*. ("FOIA"). Pursuant to the Court's Memo Endorsement dated August 25, 2026 (ECF No. 44), the parties respectfully submit this joint letter containing status updates.

**A. Plaintiff's FOIA Requests to ICE**

ICE issued a first interim release in response to Plaintiff's FOIA requests on January 21, 2026, which was made available to Plaintiff on January 23, 2026.[1] The release contained: (1) one Excel spreadsheet containing data responsive to Plaintiff's FOIA Request Nos. 1, 6.a, 6.b, and 6.c.iv, through June 2025 (the "ICE Spreadsheet"), which was produced in part and withheld in part pursuant to FOIA Exemptions 5 U.S.C. § 552(b)(6) and (b)(7)(C); and (2) a link to ICE's public online FOIA library, available at https://www.ice.gov/foia/library, which contains three policy documents responsive to Plaintiff's requests. On February 9, 2026, ICE identified a fourth responsive policy document on ICE's public FOIA Library website.

After reviewing ICE's release, Plaintiff requested additional information and ICE agreed to perform additional searches in an attempt to locate the following data and records: (1) Spreadsheet data through the date of the search; (2) monthly reports containing data on ICE detainees who are known to be pregnant, postpartum, or nursing, pursuant to Section 2.2 of ICE Directive 11032.4 for the time period January 20, 2025, through the date of the search; (3) information responsive to Plaintiff's FOIA Request Nos. 6.c(i), (ii), and (iii), to the extent such information is available in the ICE Health Service Corps' database, from the start of Fiscal Year 2025 through December 2025; (4) grievances from ICE detainees relating to pregnancy, postpartum, and lactation concerns, excluding medical records, for the time period January 20,

[1] On January 29, 2026, ICE issued an amended cover letter which corrected certain non-substantive errors.

2025, through the date of the search; and (5) any other ICE policies or directives responsive to Plaintiff's requests, to the extent they exist.

On May 29, 2026, ICE issued its second interim release, which contained: (1) 15 pages of responsive policies and directives, released in full; (2) an updated version of the ICE Spreadsheet containing additional data, released in part; and (3) the monthly pregnancy reports for February, April, and August 2025, released in part. On July 27, 2026, ICE issued its third interim release, which contained: (1) the remainder of the monthly pregnancy reports; and (2) complaints and grievances from ICE detainees relating to pregnancy, postpartum, and lactation concerns, excluding medical records, for the time period October 1, 2024, through June 1, 2026. On September 10, 2026, ICE issued a fourth interim release consisting of re-released ICE Spreadsheet data responsive to Request No. 6.c(iv) with the addition of a column containing non-exempt, unique detainee identifiers so that Plaintiff can track data relating to particular individuals across the ICE Spreadsheet rows.

As noted in the parties' past status letters, ICE is working to confirm the date range of the ICE Spreadsheet data but has otherwise completed its searches and releases in response to Plaintiff's FOIA requests.

Plaintiff believes that certain information that should have been produced in ICE's releases was not produced, and last Friday, sent a list of questions and follow-up requests regarding those concerns. The parties are meeting and conferring about those issues and ICE is working to respond to Plaintiff's questions. The parties reserve all rights and will raise any disputes with the Court as necessary.

**B. <u>Plaintiff's FOIA Requests to CBP</u>**

In response to Plaintiff's FOIA requests, CBP's FOIA Division conducted a search of the following components' records: (1) CBP Office of Chief Medical Officer; (2) U.S. Border Patrol – e3 Data; (3) CBP Office of Field Operations; (4) CBP Complaints Branch; and (5) CBP Watch Command for Significant Incident Reports. Those searches yielded the following potentially responsive records and data: (1) five large spreadsheets which contain tens of thousands of rows of data; and (2) 17 pages of potentially responsive material.

On June 1, 2026, CBP issued its first interim release, which included 521 pages of responsive data from U.S. Border Patrol, released in part. On June 26, 2026, CBP issued its second interim release, which included 218 pages of responsive data from the CBP Office of Field Operations, released in full. On August 3, 2026, CBP issued its third interim release, which included 47 pages of responsive data from the CBP Watch Command and the CBP Complaints Branch, released in part. The August 3 release letter also advised that 17 pages of potentially responsive records were referred to another agency for consultation. On September 1, 2026, CBP issued its fourth interim release, which included part of a large spreadsheet containing over 37,630 rows of responsive data from other CBP offices (the "CBP Spreadsheet"), released in part. Converted to PDF format, the portion of the CBP Spreadsheet data released on September 1 consisted of 410 pages of records, with each page containing approximately 91-92 rows of spreadsheet data. On October 1, 2026, CBP issued its fifth interim release, which consisted of 2,500 additional rows of data from the CBP Spreadsheet, released in part.

CBP will continue issuing rolling monthly releases of responsive data from the CBP Spreadsheet at a rate of 7,500 rows per month until complete. Plaintiff believes that certain information that should have been produced in CBP's releases was not produced, and last Friday, sent a list of questions and follow-up requests regarding those concerns. The parties are meeting and conferring about those issues and CBP is working to respond to Plaintiff's questions. The parties reserve all rights and will raise any disputes with the Court as necessary.

**D. <u>Plaintiff's FOIA Requests to DHS</u>**

Plaintiff submitted FOIA requests to DHS seeking: (1) records or data from the DHS Office for Civil Rights and Civil Liberties ("CRCL") complaint database, *see* ECF Nos. 1-3, 1-4 (the "Database Request"); and (2) email communications received by CRCL at crclcompliance@hq.dhs.gov, *see* ECF Nos. 1-5, 1-6 (the "Email Request").

The parties disagree as to the scope of these requests. DHS's position is that these requests seek records relating to pregnant, postpartum, or nursing women in immigration detention, or allegations by female complainants of sexual assault or harassment. Plaintiff's position is that its requests to DHS—unlike its FOIA requests to ICE and CBP—are not limited to those topics, and that any records yielded by a search containing one or more of the 32 search terms listed in Plaintiff's FOIA requests should be considered responsive. The parties also disagree as to the requested date range. DHS's position is that Plaintiff requested records from October 1, 2024, to the date of the search. Plaintiff's position is that it also requested records from October 1, 2023, to September 30, 2024, *see* ECF Nos. 1-3, 1-5.

<u>The Database Request</u>. The parties met and conferred multiple times regarding Plaintiff's Database Request but unfortunately were unable to reach a negotiated resolution regarding the scope of the request. Accordingly, DHS applied its reasonable understanding of the scope of the Database Request, both in terms of subject matter and time period, in crafting and performing searches. Those searches are complete and DHS commenced processing the potentially responsive records at a rate of 500 pages per month. DHS made its first rolling release on May 28, 2026, for which DHS processed 728 pages. Of those 728 pages, 585 pages were determined to be non-responsive, and 143 pages were sent to ICE for consultation prior to release. On July 1, 2026, DHS issued its second rolling release, for which DHS processed 1,395 pages. Of those 1,395 pages, 18 pages were released in full, 20 pages were released in part, 1,306 pages were determined to be non-responsive, 36 pages were determined to be duplicates, and 15 pages were sent to other agencies for consultation. On July 31, 2026, DHS issued its third rolling release, for which DHS processed 581 pages. Of those 581 pages, 2 pages were released in full, 38 pages were released in part, 1 page was withheld in full, 5 pages were determined to be duplicates, 506 pages were determined to be non-responsive, and 29 pages were sent to another agency for consultation. On September 1, 2026, DHS issued its fourth rolling release, for which DHS processed 231 pages. Of those 231 pages, one page was released in full, 37 pages were released in part, three pages were determined to be non-responsive, 86 pages were determined to be duplicates, and 104 pages were sent to other agencies for consultation.

DHS's fifth rolling release, which was scheduled to be released by October 1, 2026, was delayed due to the agency's end of fiscal year deadlines in other matters and because the staff

member whose signoff is required before FOIA productions can be released was on leave. DHS will issue its fifth rolling release by October 13, 2026, and will continue to issue rolling monthly releases by the first day of every month thereafter. Plaintiff reserves its right to challenge the adequacy of DHS's search and response, and Defendants reserve all defenses related thereto.

The Email Request. The parties will meet and confer regarding the scope of the Email Request and will raise any disputes with the Court as necessary.

The parties respectfully request to file another joint status letter within 45 days, or by November 23, 2026. We thank the Court for its consideration.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: /s/ Carly Weinreb
CARLY WEINREB
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
Tel: (212) 637-2769
Carly.Weinreb@usdoj.gov
*Counsel for Defendants*

Cc: Alexandra Perloff-Giles, Esq., *Counsel for Plaintiff* (by ECF)